# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry D. Barron,<br><br>    Plaintiff,<br><br>vs.<br><br>Joseph Arpaio,<br><br>    Defendant. | No. CV 09-1142-PHX-MHM (DKD)<br><br>**ORDER** |

Plaintiff Henry D. Barron, who is confined in the Lower Buckeye Jail in Phoenix, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will order Defendant Arpaio to answer Counts I and II of the Complaint and will dismiss the remaining claims without prejudice.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

## III. Complaint

Plaintiff alleges two counts in his Complaint for violation of his rights under the Fifth, Eighth, and Fourteenth Amendments. Plaintiff sues Maricopa County Sheriff Joseph Arpaio. He seeks injunctive, compensatory, and punitive relief.

In Count I, Plaintiff claims Arpaio sets policy and deliberately instructs his staff to feed pretrial detainees only two meals per day. Plaintiff contends that the meals are small and of bad quality and lack necessary nutrition and calories. Plaintiff further contends that while Arpaio allows detainees with money to possess commissary items in their cells, he will not allow detainees without funds for commissary to save portions of the jail provided meals for consumption later in the day. Plaintiff alleges that Arpaio brags publicly that he does this to cause pain and suffering to inmates.

In Count II, he asserts that Arpaio deliberately sets policy and directs his staff to overcrowd the holding cells in the Fourth Avenue intake and booking areas. He claims that the intake/booking cells were designed to hold 10 detainees but were filled with 25 detainees, that there was no place to sit other than the floor, which was wet from the overflowing toilet and that he was held in the cell for 32 hours without a mat or blanket.

## IV. Claims for Which an Answer Will be Required

Liberally construed, Plaintiff's allegations in Counts I and II state a claim. The Court will require Defendant Arpaio to respond to those claims

/ / /

/ / /

**V. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

**C. Copies**

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis*, filed with the Complaint, is **granted**. (Doc.# 3.)

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3) Defendant Arpaio must answer Counts I and II.

(4) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc.# 1), this Order, and both summons and request for waiver forms for Defendant Arpaio.

(5) Plaintiff must complete and return the service packet to the Clerk of Court within 20 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(6) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(7) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(8) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. The Marshal must immediately file requests for waivers that were returned as undeliverable and waivers of service of the summons. If a waiver of service of summons is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    (a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

    (b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and

1 return forms (USM-285), if required. Costs of service will be taxed against the
2 personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil
3 Procedure, unless otherwise ordered by the Court.

4 (9) **A Defendant who agrees to waive service of the Summons and Complaint**
5 **must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

6 (10) Defendant must answer the Complaint or otherwise respond by appropriate
7 motion within the time provided by the applicable provisions of Rule 12(a) of the Federal
8 Rules of Civil Procedure.

9 (11) Any answer or response must state the specific Defendant by name on whose
10 behalf it is filed. The Court may strike any answer, response, or other motion or paper that
11 does not identify the specific Defendant by name on whose behalf it is filed.

12 (12) This matter is referred to Magistrate Judge David K. Duncan pursuant to Rules
13 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized
14 under 28 U.S.C. § 636(b)(1).

15 DATED this 9th day of June, 2009.

_____
Mary H. Murguia
United States District Judge